PERKINS v. DOUGLASS.

1. FRAUD—INSOLVENT DEBTOR.—The sale, by an insolvent man to his wife, of certain personal property, in payment of debt due her, found, under the facts in this case, not to be a fraud as against his creditors.

2. ASSIGNMENT ACT—IBID.—A sale by an insolvent debtor of a portion of his property to one creditor is not a violation of the assignment law, when not a part of a scheme to transfer all his property to one or more creditors.

9—52

Before ALDRICH, J., Chesterfield, October, 1896. Affirmed.

Action in claim and delivery by M. A. Perkins *v*. D. Preston Douglass, in magistrate court. Judgment for plaintiff. Defendant appeals. Appeal dismissed. Defendant again appeals.

. *Mr. E. J. Kennedy*, for appellant, cites: *Debtor cannot prefer one creditor to another, if he receives benefit therefrom:* 32 S. C., 171; 1 Hill, 16; 20 S. C., 232. *Sale by insolvent debtor of his property to one creditor in preference to others is void:* Rev. Stat., 2147, 2148.

*Mr. W. P. Pollock*, contra, cites: *Fraud is mixed question:* 4 S. C., 256. *Supreme Court will not pass on facts:* 32 S. C., 183; 26 S. C., 250. *Assignment act has no application unless facts are tantamount to an assignment:* 26 S. C., 250; Code, 77, 299. *Form of verdict:* 10 S. C., 493.

March 24, 1898. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an action in claim and delivery to recover possession of forty bushels of potatoes, worth $18, and a lot of peavine hay worth $10, commenced in a court of trial justice in December, 1894. The defendant answered (1) a general denial; (2) that the defendant, as special constable, levied upon the property as the property of W. J. Perkins, under executions issued against him upon two judgments in favor of S. J. Sellers; (3) upon information and belief that plaintiff claimed said property by purchase from said W. J. Perkins, her husband; that said alleged sale was pretensive, fraudulent and void at common law, and under the Statute of Elizabeth, and was made for the purpose of hindering, delaying, and defrauding Samuel J. Sellers in the collection of his judgment debts; (4) that said alleged sale was a part of a scheme of W. J. Perkins by which, when hopelessly insolvent, he placed all his property liable to legal process beyond the reach of his creditors, and in violation of the assignment law.

The trial justice, after hearing the evidence submitted on the issues, gave judgment for the plaintiff for the property or its value, $28, which judgment on appeal to the Circuit Court was affirmed, and now defendant appeals to this Court. Appellant, having abandoned the exception as to the form of the judgment in the court of trial justice, presents practically two questions for the consideration of this Court: (1) Was the sale of said property by W. J. Perkins to his wife, the plaintiff, fraudulent and void under the common law and the Statute of Elizabeth? (2) Was said sale void under the assignment act?

1. The Circuit Judge has found as matter of fact, substantially, that W. J. Perkins was indebted to the plaintiff, his wife, at the time of said sale, in a sum larger than the value or price of the property sold to plaintiff in payment of her debt; that plaintiff purchased the potatoes and hay in good faith before Sellers had instituted his suit against W. J. Perkins; that she testified most positively that she knew nothing of any threatened suit or levy; that she was not trying to hinder, delay or defraud S. J. Sellers or any one else in the collection of his debts against her husband; that she knew nothing of any action of her husband to avoid the payment of his debts or to evade the assignment law; that W. J. Perkins openly stated his intention of leaving the State, and engaged in selling his property preparatory to leaving; that this was no hidden plan; that the creditors knew of it, for he applied portions of his property to the payment of his old debts. The Circuit Judge said: "I hold that the sale of W. J. Perkins to plaintiff was neither pretensive, fraudulent and void, either at common law or under the Statute of Elizabeth, nor was it made for the purpose of hindering, delaying, and defrauding creditors of W. J. Perkins. I concur with the trial justice, and hold that said sale was *bona fide*, legal and valid."

This case is an action at law, and the findings of fact by the Circuit Court are not reviewable here, and we must confine ourselves to considering whether there was error of

law. *Archer* v. *Long*, 32 S. C., 183; *Gregory* v. *Cohen*, 50 S. C., 502. But it is earnestly urged that the undisputed evidence showed that W. J. Perkins was insolvent at the time of said sale, that he retained possession of the property after the sale, and that by said sale he secured an advantage to himself by securing the use of said property in the support and maintenance of himself and family; that these facts are conclusive on the question of fraud, and it was error of law not to so hold. In the first place, it cannot be said that these facts, except, perhaps, in the matter of insolvency, are undisputed. The Circuit Judge found as matter of fact from the evidence that "on November 5, 1894, W. J. Perkins sold to plaintiff herein, his wife, the potatoes and peavine hay referred to above, and at the same time gave her a receipt for the purchase money. Plaintiff and her husband occupied the same premises, and the potatoes and hay were not actually moved, though the possession was in plaintiff. W. J. Perkins was about to leave the State to engage in business elsewhere; but the plaintiff did not leave the State with her husband, and remained some time afterwards upon the premises." It has, therefore, been specifically found that W. J. Perkins did not retain possession of the property after sale. Nor has the Circuit Judge found as a fact that W. J. Perkins sold the property in consideration of some advantage to himself. There was evidence tending to show that the hay was needed by plaintiff to feed her own cow, and that the potatoes were for her use. But, in the second place, such circumstances, while badges of fraud, are not conclusive evidence of fraud, except when not satisfactorily explained. In the case of *Nelson & Co.* v. *Good*, 20 S. C., 231, the facts of insolvency and retention of possession by the seller were urged as conclusive and irrebuttable evidence of fraud; but the Court, speaking through the present Chief Justice, then Associate Justice, said: "The true rule is, that while these badges of fraud constitute such strong evidence that they will be regarded as conclusive, unless explained by

the most satisfactory testimony, yet they do not constitute such a presumption of fraud as to be irrebuttable. When satisfactory evidence is offered to explain them, it becomes a question of fact, to be determined by that branch of the Court invested with jurisdiction to determine such issues of fact, whether under all the circumstances the transaction brought in question is *bona fide* or fraudulent." In this case the Court, invested with power to determine the issue, has finally decided that the transaction was not fraudulent.

2. As to the question whether the sale is void under the assignment act. The Circuit Court has found as matter of fact that the sale in question was not part of a scheme to transfer all his property to one or more creditors with a view to give an unlawful preference. This fact, conclusive here, takes this case from under the operation of the principles announced in *Wilks* v. *Walker*, 22 S. C., 110, and *Austin, Nichols & Co.* v. *Morris*, 23 S. C., 406, and brings it under the principle announced in *Verner* v. *McGhee*, 26 S. C., 249, and *Porter* v. *Stricker*, 44 S. C., 183. The sale, therefore, is not obnoxious to the assignment act.

The judgment of the Circuit Court is affirmed.